**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GEORGE M. SYDLAR, SR.,**

          **Appellant,**     6:10-cv-34
                                    (GLS\DRH)
    **v.**

**MARK W. SWIMELAR,** Chapter 13
Trustee,

          **Appellee.**
_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE APPELLANT:**
George M. Sydlar, Sr.
Pro se
P.O. Box 1312
Oneonta, NY 13820

**FOR THE APPELLEE:**
Office of Chapter 13 Trustee        MAXSEN D. CHAMPION
250 South Clinton Street            Trustee
Suite 203
Syracuse, NY 13202

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

On January 8, 2010, pro se appellant George M. Sydlar, Sr.

appealed Bankruptcy Judge Diane Davis's November 12, 2009 Order

dismissing his Chapter 13 bankruptcy case.  (*See* Dkt. No. 1.)  For the reasons that follow, Sydlar's appeal is sua sponte dismissed for failure to prosecute.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

To date, Sydlar has not paid the fee required to initiate an appeal under Federal Rule of Bankruptcy Procedure 8001(a).  Rule 8001(a) provides that a notice of appeal from an order of a bankruptcy judge to a district court "shall ... be accompanied by the prescribed fee."  FED. R. BANKR. P. 8001(a).  On November 30, 2009, the Bankruptcy Court Clerk's Office notified Sydlar that his filing was deficient because it was not accompanied by the required fee.  (*See* Dkt. No. 1:2 at 26.)

On January 8, 2010, the Bankruptcy Court directed Sydlar's appeal to this court.  (Dkt. Nos. 1, 2.)  The appeal was accompanied by a Certification of Non-Compliance, informing the court that: (1) a notice of appeal was filed; (2) the requirements set out in FED. R. BANKR. P. 8001(a) and 8002(a) had not been met, including the payment of the filing fee; and (3) no extension of time had been granted.  (Dkt. No. 1:3.)  The Bankruptcy Court had also denied Sydlar's application to proceed in forma pauperis.  (Dkt. No. 1:2 at 27.)

Despite a deficiency notice from the Bankruptcy Court and the denial

2

of his application to proceed in forma pauperis, Sydlar has failed to pay the requisite fee. For this reason, the court sua sponte dismisses the action for failure to prosecute. *See Chambers*, 501 U.S. at 49 (recognizing a district court's inherent authority to dismiss sua sponte for lack of prosecution); *see also Michalek v. Ring*, 131 F.3d 131 (2d Cir. 1997) (unpublished) (affirming district court's dismissal of a bankruptcy appeal based on a certificate of noncompliance stating that the fee was not paid); *Smith v. Nagle House, Inc.*, 05-CV-5129, 2005 WL 1773765, at *1 (S.D.N.Y. July 25, 2005) (dismissing bankruptcy appeal based on appellant's failure to pay filing fee or proceed in forma pauperis). Accordingly, Sydlar's appeal is dismissed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that George M. Sydlar, Sr.'s appeal (Dkt. No. 1) is sua sponte **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 14, 2010
 Albany, New York

_Gary L. Sharpe_
United States District Court Judge

3